**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KIMBERLY LONG, FERN SCOTT, )
and DAWN TRIPLETT, )
)
      Plaintiffs, )
)
                       )   Case No.
  v. )
)
WALMART, INC., )
)
      Defendant. )

**NOTICE OF REMOVAL**

Defendant Walmart Inc. (incorrectly stylized Walmart, Inc. in the Complaint and hereinafter referred to as "Walmart"), by and through the undersigned counsel, hereby notices the removal of this action to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity jurisdiction.

**Background, Procedural, and Venue Matters**

1.      On March 28, 2023, Plaintiffs Kimberly Long, Fern Scott, and Dawn Triplett (collectively, "Plaintiffs") filed a civil action against Walmart in Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, designated as Case No. 2023LA0371 (the "State Court Action"). A copy of the Summons and Complaint are attached hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1446(a).

2.      On April 28, 2023, a copy of the documents attached as Exhibit A were served on Walmart by process server at its registered agent. This was the first time

that Walmart was notified of the State Court Action. Accordingly, pursuant to 28. U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after Walmart was first notified of the State Court Action.

3.      Exhibit A contains the only documents that have been received by Walmart in the State Court Action.  Exhibit A also contains a copy of the electronic docket in the State Court Action.

4.      The Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois is located within the Southern District of Illinois. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28. U.S.C. § 1441(a).

5.      Walmart has not filed a responsive pleading in the State Court Action and no other proceedings have transpired in that forum.

6.      Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served on Plaintiffs' counsel of record and upon the Clerk of the State Court.

7.      In the Complaint, Plaintiffs allege discrimination on the basis of race and retaliation in violation of the Illinois Human Rights Act ("IHRA"), negligent infliction of emotional distress, and intentional infliction of emotional distress. In addition, Ms. Long alleges discrimination on the basis of age and Ms. Triplett alleges discrimination on the basis of religion in violation of the IHRA.

8.      Plaintiffs allege the following with regard to damages: "severe or extreme emotional distress", (Compl. ¶¶ 104, 111), loss of "monetary and non-monetary benefits", (Compl. ¶¶ 124, 139, 154, 165), "garden variety emotional

distress and other non-medical bill related compensatory damages", (Compl. ¶¶ 125, 140, 155, 166), and "attorneys' fees", (Compl. ¶¶ 127, 142, 157, 168).

9.     Plaintiffs request relief in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000) in the Complaint. Specifically, with respect to each of the six separate causes of action in the Complaint, Plaintiffs request relief "in excess of FIFTY THOUSAND DOLLARS ($50,000) and for other such relief that this Court deems just and proper." (Compl., pp. 14, 15, 17, 20, 22, 24.)

### This Court has Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

10.    Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a).

11.    Therefore, a state court action may be removed if the action (1) is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.     Each Plaintiff is a Citizen of a Different State than Walmart.

12.    Ms. Long and Ms. Triplett allege that they each currently reside in St. Clair County, Illinois. (Compl. ¶¶ 1–2.) Ms. Scott alleges that she currently resides in St. Louis County, Illinois. (Compl. ¶ 3.) Plaintiffs each allege that they were employed in St. Clair County, Illinois between 2021 and 2022. (Compl. 22, 57, 86.) Upon information and belief, all three Plaintiffs reside in and intend to remain in Illinois and thus, for diversity purposes, each is a citizen of Illinois. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

13.     Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas and is therefore a citizen of Delaware and Arkansas for diversity purposes. 28 U.S.C. § 1332(c)(1).

14.     Accordingly, diversity exists between Plaintiffs, citizens of Illinois, and Walmart (the only Defendant), a citizen of Delaware and Arkansas.

**B.      The Amount in Controversy Exceeds $75,000.**

15.     The amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001) (explaining that amount in controversy "is whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins"); *see also Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (as specified in Section 1446(a), defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

16.     In the Complaint, Plaintiffs do not state their alleged damages with specificity. Rather, they seek "a sum in excess of FIFTY THOUSAND DOLLARS ($50,000) as to each of the six causes of action in the Complaint. (Compl., pp. 14, 15, 17, 20, 22, 24.) Accordingly, in total, the Plaintiffs are requesting relief in excess of THREE HUNDRED THOUSAND DOLLARS ($300,000).

**WHEREFORE,** Walmart respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois to the United States District Court for the Southern District of Illinois.

May 26, 2023

By:    */s/ Ashley L. Orler*

Ashley L. Orler (Attorney No. 6297339)
CONSTANGY,  BROOKS,  SMITH  &
PROPHETE, LLP
300 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
Telephone: 773.661.4713
aorler@constangy.com

Katie M. Rhoten (Attorney No. 6331112)
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
680 Craig Road, Suite 400
St. Louis, MO  63141
P: 314.338.3740
krhoten@constangy.com

*Attorneys for Defendant, Walmart Inc.*

## CERTIFICATE OF SERVICE

I, Cynthia Mitchell, a non-attorney, hereby certify that on May 26, 2023, I caused a copy of the foregoing **Notice of Removal** to be filed with the CM/ECF system and to be served via email and U.S. Mail on the following:

> W. Wyle Blair
> Breanna L. Flowers
> ONDER LAW, LLC
> 110 East Lockwood Ave.
> St. Louis, MO 63119
> blair@onderlaw.com
> hunt@onderlaw.com
>
> *Attorneys for Plaintiff*

*/s/ Cynthia Mitchell*