IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY LONG, <br> FERN SCOTT, <br> DAWN TRIPLETT, <br><br> Plaintiffs, <br><br> vs. <br><br> WALMART, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 23-cv-01778-DWD <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiffs Kimberly Long, Fern Scott, and Dawn Triplett assert employment discrimination claims against their former employer, Defendant Walmart, Inc. pursuant to the Illinois Human Rights Act ("IHRA") (Doc. 1-1). Plaintiffs filed charges of discrimination with the Department of Human Rights and Equal Employment Opportunity Commission (Doc. 1-1, Exhibits 1-3). After receiving Notice of Rights to Sue from the EEOC, Plaintiffs filed their complaint against Defendant in the Twentieth Judicial Circuit Court, St. Clair County, Illinois on March 28, 2023 (Doc. 1-1). Defendant removed the case to this Court invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a.) (Doc. 1). Two motions are now before the Court: (1) Defendant's Motion to Sever (Doc. 7) and (2) Plaintiffs' Motion to Remand (Doc. 18).

In response to the Motion to Sever, Plaintiff's have indicated that they do not oppose severance, acknowledging that each Plaintiff's claims are distinct. (Doc. 12).

1

However, in their Motion to Remand, Plaintiffs contend that this Court lacks subject matter jurisdiction because the amount in controversy is not met.

## Discussion

As alleged in Plaintiffs' Complaint, Plaintiffs were each subjected to different kinds of adverse employment actions by the same corporation. All Plaintiffs bring claims for Negligent Infliction of Emotional Distress (Count I), Intentional Infliction of Emotional Distress (Count II), Racial Discrimination in violation of the Illinois Human Rights Act, 775 Ill. Comp. Stat. Ann. 5/1-102(A) (Count V), and Retaliation in violation of the Illinois Human Rights Act, 775 Ill. Comp. Stat. Ann. 5/6-101(A) (Count VI) (Doc. 1-1, pp. 16-17, 21-22). Plaintiff Long also brings a claim for age discrimination in violation of 755 ILCS 5/1-102(A) (Count III) (Doc. 1-1, p. 17), and Plaintiff Triplett brings a claim for religious discrimination in violation of 775 ILCS f/1-102(A) (Count IV) (Doc. 101, p. 19).

Although Plaintiffs bring similar claims for discrimination and harassment based on race, they allege that their employment was terminated for different reasons and at different times and that they were subjected to different kinds of adverse employment actions based on different protected classes. Additionally, Plaintiffs' claims involve different alleged harassers, decision makers, and witnesses. (Doc. 1-1).[1] These differences, in conjunction with the lack of any identified common policy, practice, or procedure,

---

[1] For instance, Plaintiff Long identifies Scott Rider (Doc. 1-1 ¶ 2), an unnamed supervisor (Doc. 1-1 ¶ 32), supervisor "Eric" (Doc. 1-1 ¶¶ 39-40), and supervisor "Kamil" (Doc. 1-1 ¶¶ 39-40) as her alleged harassers. Plaintiff Triplett identifies "an older, white, female employee, Diane" and a "white, female supervisor, Jana" as her alleged harassers (Doc. 1-1 ¶¶ 49-81). Plaintiff Scott only identifies "a white, female manager, Rhonda" (Doc. 1-1 ¶¶88-94) as her alleged harasser. Finally, Plaintiffs do not identify that they were injured as the result of any common policy, practice or procedure.

demonstrate that the disputed employment decisions do not constitute a single action on the part of the defendant, and as a result, Plaintiffs' claims are not properly joined. Fed. R. Civ. P. 20(A)(1) (claims are properly joined if they "aris[e] out of the same transaction [or] occurrence, series of transactions or occurrences."). *See also*, e.g., *O'Sullivan v. City of Chi.*, 2007 WL 671040, at *9 (N.D. Ill. 2007) (in evaluating whether claims arise out of the same transaction or occurrence in employment discrimination cases, courts consider a variety of factors including "[whether] the discrimination took place at roughly the same time, if it involved the same people, whether there is a relationship between the discriminatory actions, whether the discriminatory actions involved the same supervisor or occurred within the same department, and whether there is a geographical proximity between the discriminatory actions."); *Martinez v. Haleas*, 2010 WL 1337555, at *4 (N.D. Ill. 2010) (When the plaintiffs' claims require "individual fact finding and discovery," "different witnesses and testimony," and "separate questions ... to answer," they generally do not constitute the same transaction or occurrence and cannot be joined.).

Thus, severance is warranted. Nonetheless, before severing these claims, the Court must first confirm it has jurisdiction to do so. *Sykes v. Cook Incorporated,* 72 F.4th 195, 206 (7th Cir. 2023). To that end, Plaintiffs have sought to remand their individual claims to state court, arguing that the amount in controversy is less than $75,000 as to each plaintiff.[2] (Doc. 18; Doc. 19).

---

[2] The parties do not dispute that the parties are completely diverse, and the Court agrees that this threshold requirement has been met because Plaintiffs are citizens of Illinois, and Defendant is a citizen of Delaware.

As the proponent of federal jurisdiction, Defendant bears the burden of showing by a preponderance of the evidence that, on the day the suit was removed, the amount-in-controversy requirement was met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citations omitted). A court can generally determine the amount in controversy "merely by looking at a plaintiff's state court complaint, ... along with the record as a whole." *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (citation omitted). If the Complaint "provides little information about the value of [the] claims", "a good faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511. In making this determination, the Court can examine evidence outside the pleadings. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427–28 (7th Cir. 1997).

The Notice of Removal (Doc. 1) and Defendants pleadings in opposition to the motion to remand (Doc. 23) identify facts that support an estimate of an amount in controversy exceeding $75,000 as to each Plaintiff.[3] For instance, Plaintiff Long asserts individual claims for Negligent Infliction of Emotional Distress (Count I), Intentional Infliction of Emotional Distress (Count II), IHRA age discrimination (Count III), IHRA racial discrimination (Count V), and IHRA retaliation (Count VI). (Doc. 1-1). Each claim includes a prayer for relief in excess of $50,000. Additionally, Plaintiff Long is

---

[3] To the extent the Court is even required to consider the amount in controversy as to each individual plaintiff. As a general rule, the amount in controversy must be met with respect to each defendant and with respect to at least one individual plaintiff. *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009); *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 548 (7th Cir. 2008). Further, as is discussed more fully below, post-removal events, including severance, typically do not impact federal subject matter jurisdiction.

4

seeking back pay, front pay, emotional distress and other compensatory damages, and attorneys' fees.

Plaintiff Scott asserts individual claims for Negligent Infliction of Emotional Distress (Count I), Intentional Infliction of Emotional Distress (Count II), IHRA racial discrimination (Count V), and IHRA retaliation (Count VI). (Doc. 1-1).  Each claim includes a prayer for relief in excess of $50,000. Additionally, Plaintiff Scott is seeking back pay, front pay, emotional distress and other compensatory damages, and attorneys' fees.

Plaintiff Triplett asserts individual claims for Negligent Infliction of Emotional Distress (Count I), Intentional Infliction of Emotional Distress (Count II), IHRA racial discrimination (Count V), IHRA religious discrimination (Count IV), and IHRA retaliation (Count VI). (Doc. 1-1).  Each claim includes a prayer for relief in excess of $50,000. Additionally, Plaintiff Triplett is seeking back pay, front pay, emotional distress and other compensatory damages, and attorneys' fees.

Defendant further notes that individual plaintiffs bringing claims under the IHRA or for emotional distress have received jury verdicts and settlements exceeding the jurisdictional minimum. *See e.g., See Alferis v. Generations Healthcare Network at Oakton Pavilion LLC et al., JVR No. 1708020023,* 2017 WL 3405712 (N.D. Ill. April 20, 2017) (awarding $400,000 in compensatory damages in disability discrimination case); *McQueen v. City of Chicago,* 2014 WL 9858969 (N.D. Ill. Oct. 23, 2014) (reporting $280,000 settlement in case involving allegations of race and national origin discrimination, disability discrimination, and retaliation in violation of federal and state law; *E.L. v.*

5

*Hughes, M.D.*, JVR No. 2112060006, 2019 WL 13107706 (Ill. Cir. Ct. Aug. 22, 2019) (awarding verdict of $300,000 to plaintiff, including $175,000 on her claim for intentional infliction of emotional distress).

Considering the above, the Court finds that Defendant has made a good faith showing that the amount-in-controversy requirement is met. To rebut this conclusion, Plaintiffs must show that "a recovery that large is legally impossible." *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). In the instant case, after removal, each Plaintiff filed a sworn affidavit limiting the relief sought on their individual claims to less than $75,000. (Doc. 19, pp. 8-13). But Plaintiffs' post-removal affidavits are meaningless.

The Seventh Circuit has repeatedly indicated removal jurisdiction is determined at the time of removal and is not affected by post-removal events. *See In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) ("The well established general rule is that jurisdiction is determined at the time of removal and nothing filed after removal affects jurisdiction"). Thus, a "post-removal disclaimer of damages exceeding $75,000 [does] not defeat federal jurisdiction after a proper removal based on the complaint." *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777 (7th Cir. 2012) (collecting cases); *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("[E]vents after the date of removal do not affect federal jurisdiction, and this means in particular that a declaration by the plaintiff following removal does not permit remand.").[4] Plaintiffs who

---

[4] The Court further notes that the Eighth Circuit Court of Apepeals has held that the same rationale applies to post-removal severance. See *Fochtman v. Hendren Plastics, Inc.*, 47 F.4th 638 (8th Cir. 2022)

6

seek to prevent removal "must file a binding stipulation *with* their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (emphasis added). Thus, Plaintiffs have failed to refute Defendant's showing that the jurisdictional threshold is met in this case.

## Conclusion

Accordingly, Plaintiffs' Motion to Remand (Doc. 18) is **DENIED**, and Defendant's Motion to Sever (Doc. 7) is **GRANTED**. Pursuant to Fed. R. Civ. P. 21, the Court **SEVERS** the case into the following actions: (1) Kimberly Long v. Walmart, Inc.; (2) Fern Scott v. Walmart, Inc.; and (3) Dawn Triplett v. Walmart, Inc.

The Court further **ORDERS** as follows:

### *Plaintiff Kimberly Long*

The Clerk is **DIRECTED** to terminate Fern Scott and Dawn Triplett as plaintiffs in this case. The Clerk is further **DIRECTED** to change the caption of this case to: **KIMBERLY LONG, Plaintiff v. WALMART, INC., Defendant.** Only Plaintiff Kimberly Long will proceed in this action.

Plaintiff Long shall file an amended complaint, stating her individual claims only, on or before March 8, 2024.

### *Plaintiff Fern Scott*

The Clerk is **DIRECTED** to open a new case with a newly assigned case number, assigned to the undersigned District Judge, and styled as **FERN SCOTT, Plaintiff v.**

---

("We see no reason to distinguish severance from other post-removal events, like the denial of class certification or amendment of a complaint, that do not eliminate jurisdiction.").

7

**WALMART, INC., Defendant.** The following documents shall be filed in Plaintiff Scott's newly opened case: (1) this Memorandum and Order; (2) the Notice of Removal (Doc. 1); and (3) the Complaint and State-Court Pleadings (Doc. 1-1).

The attorneys of record in the instant case should be added to the docket as the attorneys of record in Plaintiff Scott's newly opened case.

Plaintiff Scott shall file an amended complaint, in the newly opened case, stating her individual claims only, on or before March 8, 2024.

*<u>Plaintiff Dawn Triplett</u>*

The Clerk is **DIRECTED** to open a new case with a newly assigned case number, assigned to the undersigned District Judge, and styled as **DAWN TRIPLETT, Plaintiff v. WALMART, INC., Defendant.** The following documents shall be filed in Plaintiff Triplett's newly opened case: (1) this Memorandum and Order; (2) the Notice of Removal (Doc. 1); and (3) the Complaint and State-Court Pleadings (Doc. 1-1).

The attorneys of record in the instant case should be added to the docket as the attorneys of record in Plaintiff Triplett's newly opened case.

Plaintiff Triplett shall file an amended complaint, in the newly opened case, stating her individual claims only, on or before March 8, 2024.

**SO ORDERED.**

Dated: February 21, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge